# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**LINDA AVILA,**

      **Petitioner,**

v.                                                                                                  Case No. 1:18-cv-00147

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and her Motion for Judgment on the Pleading (ECF No. 15). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND AND PETITIONER'S CLAIMS

On November 17, 2014, the petitioner pled guilty in the United States District Court for the Eastern District of Virginia to one count of Conspiracy to Defraud the Government with respect to Claims, in violation of 18 U.S.C. § 286, and one count of Mail Fraud, in violation of 18 U.S.C. § 1341, resulting from a scheme to file false tax returns in the names of other persons in order to obtain tax refunds from the Internal Revenue Service ("IRS"). *United States v. Avila*, No. 2:14-cr-00108-RAJ-TEM-1, ECF Nos. 17-18 (E.D. Va. Nov. 17, 2014). On May 20, 2015, the petitioner was sentenced to a total of 144 months in prison,

followed by a three-year term of supervised release. She was also ordered to pay a $100 special assessment and $7,283,343.61 in restitution to the IRS. *Id.*, ECF Nos. 34-36.[1]

The petitioner did not appeal her conviction or sentence. However, on November 16, 2015, she filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 asserting claims of ineffective assistance of counsel and an involuntary or incompetent guilty plea. *Id.*, ECF No. 40. That motion was denied by the sentencing court on July 15, 2016. *Id.*, ECF No. 52.

On August 4, 2017, the petitioner filed a second section 2255 motion challenging her restitution and forfeiture orders based upon the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), which is the same claim she now raises herein. *Id.*, ECF No. 58. That motion was denied by the sentencing court on November 2, 2017 as an unauthorized second or successive section 2255 motion. *Id.*, ECF No. 62. The petitioner's subsequent motion under 28 U.S.C. § 2244 for authorization to file a second or successive section 2255 motion was denied on December 27, 2017. *Id.*, ECF No. 63. The petitioner then filed the instant petition under 28 U.S.C. § 2241 (ECF No. 2) on January 29, 2018, and subsequently filed her Motion for Judgment on the Pleading (ECF No. 15) on November 26, 2018.[2]

---

[1] The petitioner's Judgment Order (ECF No. 36) was entered on May 21, 2015. A separate Restitution Order (ECF No. 34), and a Consent Order of Forfeiture (ECF No. 35) were entered on May 20, 2015. A review of those orders indicates that the petitioner agreed to payment in full of the restitution amount as contained in her plea agreement, and the forfeiture of any fraud-related assets in her direct or indirect control.

[2] The petitioner also wrote a number of letters to the court, which have been docketed as "additional documentation." (ECF Nos. 4, 7-14). The additional documentation largely addresses the petitioner's physical and mental health issues and her conditions of confinement, which are not matters that may be addressed in habeas corpus proceedings. She also complains about the conduct of her court-appointed counsel leading up to her sentencing hearing and requests to be able to tell "her story." However, the petitioner acknowledges that she is guilty of the criminal conduct of which she was convicted. To the extent that any matters addressed in the additional documentation were intended to be amendments to her section 2241 petition, none of the claims addressed therein meet the savings clause criteria for consideration under section 2241, and such claims would likely be considered an unauthorized attempt to file a second or successive section 2255 motion in her court of conviction.

## ANALYSIS

Motions under 28 U.S.C. § 2255 are the primary post-conviction remedy for testing the validity of federal judgments and must be filed in the criminal defendant's court of conviction. 28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's <u>detention</u>. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . <u>detention</u>,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.") (Emphasis added). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."

The petitioner's section 2241 petition challenges her judgment to the extent that she has been ordered to pay restitution and consented to the forfeiture of the restitution amount. Her petition argues that, "because forfeiture under 21 U.S.C. § 853(a)(1) is limited to property that the defendant actually acquired[,] co-conspirators in a drug conspiracy aren't jointly and severally liable for any conspiracy proceeds." (ECF No. 2 at 24). Thus, she contends that she should not be jointly and severally liable for the full amount of the judgment of restitution and forfeiture of approximately $7.2 million imposed by the sentencing court. Her Motion for Judgment on the Pleading further

challenges the restitution amount and the alleged evidence in support thereof. (ECF No. 15).

In support of her argument, the petitioner relies upon the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), which originated as a direct appeal to the Sixth Circuit. In *Honeycutt*, the Supreme Court determined that a defendant convicted of certain drug crimes could not be held jointly and severally liable for property that his co-conspirators derived from the crimes, which the defendant did not himself acquire, under 21 U.S.C. § 853(a)(1). However, such a challenge fails for several reasons.

First, claims challenging restitution or forfeiture are not cognizable under either section 2241 or 2255, because they are not related to the petitioner's detention and do not seek release from custody. *See, e.g., Brewton v. United States*, No. 3:12-cr-00399-FDW-1, 2018 WL 5085763, *2 (W.D.N.C. Oct. 18, 2018) (denying post-conviction claim challenging restitution order under *Honeycutt* as non-cognizable claim); *United States v. Alquza*, No. 3:11-cr-00373-FDW, 2017 WL 4451146, * 3 (W.D.N.C., Sept. 21, 2017), *aff'd*, 722 F. App'x 348 (4th Cir. May 18, 2018) ("Defendant may not invoke *Honeycutt* on collateral review in either a motion to vacate under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2241. Both statutes are limited in coverage and scope to claims that challenge the legality of the defendant's 'custody' and that seek the 'right to be released' from custody."); *see also Johnson v. United States*, No. TDC-18-cv-0943, 2019 WL 266210 (D. Md. Jan. 18, 2019) ("a § 2255 motion may be used only to assert 'a right to be released from custody, not to challenge fines, restitution orders, or forfeiture orders."); *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (§ 2255 "affords relief only to prisoners claiming a right to be released from custody."); *United States v.*

4

*Hudgins*, 201 F. App'x 142, 143 (4th Cir. Sept. 25, 2006) ("a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders . . . ."); *Choi v. United States*, No. RDB-16-cv-3985, 2018 WL 620454, *3 (D. Md. Jan. 30, 2018) ("[f]ollowing the lead of the courts cited above, the court concludes that a noncustodial component of a sentence, such as a restitution or forfeiture order, cannot be attacked in a § 2255 petition.") (quoting *United States v. Fabian*, 798 F. Supp.2d 647, 685 (D. Md. 2011)). Thus, such a claim should have been raised, if at all, on direct appeal. *See United States v. Bangiyev*, 359 F. Supp.2d 435, 438 (E.D. Va. Feb. 14, 2019) (a defendant must challenge forfeiture on direct appeal). The petitioner herein failed to appeal her judgment, including the orders of restitution and forfeiture.

Second, even if the petitioner's claim were cognizable in habeas corpus, she cannot meet the savings clause criteria in order to have her claim reviewed by this court under section 2241. The United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). As noted above, *Honeycutt* was decided on direct appeal and the Supreme Court did not state that it is a new rule that would be retroactive on collateral review. The retroactivity issue was recently addressed by our sister court in the Eastern District of Virginia as follows:

5

> The Court finds the rule put forth in *Honeycutt* did not alter the range of conduct or class of people that the law punishes. Instead, *Honeycutt* "decided only whether joint and several liability could be imposed as a consequence of that conduct." *United States v. Ortiz*, 2018 WL 3304522, at *8 (E.D. Pa. July 5, 2018). Further, *Honeycutt* did not proclaim a watershed rule of criminal procedure that implicates the fundamental fairness and accuracy of the criminal proceeding. *Id.* ("The Supreme Court has stated that the decision in *Gideon v.* Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799 (1963) 'illustrate[s] the type of rule coming within the exception' to [*Teague v. Lane*, 489 U.S. 288, 307 (1989)] for watershed rules. The rule in *Honeycutt* merely clarifies the interpretation of a criminal forfeiture statute, falling well short of the *Gideon* benchmark.") For these reasons, the rule pronounced in *Honeycutt* does not fall into the narrow exception laid out in *Teague* and will not be applied retroactively.

*Bangiyev, supra*, 359 F. Supp.2d at 439-440. This court should also find that *Honeycutt* is not retroactively applicable on collateral review and, thus, the petitioner cannot meet the criteria for review under the savings clause.

Additionally, the petitioner's reliance on *Honeycutt* is misplaced, as she was not convicted under the Controlled Substances Act and, thus, section 853(a)(1) is not applicable in her case. Rather, the petitioner's restitution and forfeiture orders are controlled by 18 U.S.C. §§ 3663, 3663A, and 3664 (the "Mandatory Victims Restitution Act" or "MVRA"), and 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c).[3]

Section 3663A(c)(1)(A)(ii) provides that a district court must order restitution in a case involving fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). Additionally, where

---

[3] In 2018, the Fourth Circuit extended *Honeycutt* to apply to 18 U.S.C. § 982, which has substantially similar language to 21 U.S.C. § 853. *See United States v. Chittenden*, 896 F.3d 633, 640 (4th Cir. 2018). Presently, there is a split among the federal courts of appeals as to whether the *Honeycutt* rationale also extends to 18 U.S.C. § 981(a)(1)(C). *Compare United States v. Sexton*, 894 F.3d 787, 798-99 (6th Cir. 2018) *and United States v. Peithman*, 917 F.3d 635, 652 (8th Cir. 2019) (holding that *Honeycutt* does not apply to forfeiture under 18 U.S.C. § 981(a)(1)(C)) *with United States v. Gjeli*, 867 F.3d 418, 427 (3d Cir. 2017)(finding that 18 U.S.C. § 981(a)(1)(C) is substantially similar to the statute under consideration in *Honeycutt*) *and United States v. Carlyle*, 712 F. App'x 862, 864-65 (11th Cir. 2017) (per curiam) (remanding to the district court for determination on whether *Honeycutt* governed forfeiture order under section 981 on wire fraud charge and observing that it appeared likely to apply). The Fourth Circuit has not yet issued an opinion concerning section 981(a)(1)(C). The undersigned further notes that all of these decisions were direct appeals, not collateral attacks.

multiple defendants are involved in a reasonably foreseeable loss, the court may order restitution for the full amount of the loss, to be shared jointly and severally. 18 U.S.C. § 3664(h). Thus, restitution orders under the MVRA are entirely distinguishable from forfeiture orders under section 853 of the Controlled Substances Act. As noted by another judge of this United States District Court:

> Courts have drawn a distinction between the forfeiture provision at issue in *Honeycutt* and restitution pursuant to a conspiracy charge. "*Honeycutt* found that the bedrock principle of conspiracy liability was not incorporation [sic; incorporated] into forfeiture for drug offenses under 21 U.S.C. § 853." . . . [T]he Sixth Circuit has held that members of a conspiracy *can* be held accountable for the foreseeable loss caused by the conspiracy or scheme . . . Accordingly, "unlike 21 U.S.C. § 853, calculating fraud loss does incorporate the bedrock principle of conspiracy liability" . . . Thus, on the merits, Petitioner's claim is unsuccessful.

Proposed Findings and Recommendation, *Ferguson v. Saad*, No. 1:17-cv-04570, 2018 WL 4518991, *2 (S.D. W. Va. Aug. 15, 2018) (Aboulhosn, J.), *adopted*, 2018 WL 4517462 (S.D. W. Va. Sept. 20. 2018) (Faber, J.); *see also United States v. Rodriguez*, 915 F.3d 532, 536 (8th Cir. 2019) ("Nothing in *Honeycutt* undercuts the language of 18 U.S.C. § 3664(h)").

Moreover, in her plea agreement, the petitioner agreed to the full payment of restitution and to forfeit all interests in any fraud-related assets that she controls directly or indirectly, and she waived any further constitutional or statutory challenge to forfeiture in any manner, including in a habeas corpus petition. Accordingly, she has waived the right to make her instant claim.

Therefore, even if *Honeycutt* were retroactively applied to cases on collateral review, it is not actually applicable to the petitioner's case and there is no fundamental defect in her restitution and forfeiture orders. Accordingly, the undersigned proposes

7

that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that she is entitled to any relief in this court under section 2241.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Motion for Judgment on the Pleading (ECF No. 15), and **DISMISS** her Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and this civil action for lack of jurisdiction.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner at **FCI Hazelton, P.O. Box 5000, Bruceton, Mills, WV 26525**, where she is now incarcerated.

<u>June 4, 2019</u>

Dwane L. Tinsley
United States Magistrate Judge